IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2012

**ROGER BRENT BANKS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-885   J. Randall Wyatt, Jr., Judge**

———————————

**No.  M2011-02620-CCA-R3-PC - Filed September 12, 2012**

———————————

Petitioner, Roger Brent Banks, was indicted by the Davidson County Grand Jury for six counts of aggravated sexual battery and one count of solicitation of sexual exploitation of a minor.  Petitioner pled guilty to three counts of aggravated sexual battery.  The remaining counts were dismissed.  As part of the plea agreement, Petitioner received an effective sentence of sixteen years at 100%, and was ordered to lifetime supervision after the service of the sentence.  Petitioner sought post-conviction relief on the basis that his sentences were void and illegal.  The petition was dismissed as untimely.  Petitioner appeals.  After a review of the record, we determine that the petition was properly dismissed as untimely as Petitioner failed to show any reason that the statute of limitations should be tolled.  As a result, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Roger Brent Banks, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In January of 2009, Petitioner was indicted by the Davidson County Grand Jury for six counts of aggravated sexual battery and one count of solicitation of sexual exploitation

of a minor. In August of 2009, Petitioner entered into a negotiated plea agreement. As part of the agreement, Petitioner pled guilty to three counts of aggravated sexual battery in exchange for dismissal of the remaining counts. The plea agreement provided that Petitioner would receive eight years for each offense. Count One was ordered to run concurrently with Count Two but consecutively to Count Three; Count Two was ordered to run concurrently with Count One but consecutively to Count Three; and Count Three was ordered to run consecutively to Counts One and Two, for a total effective sentence of sixteen years at 100%. Petitioner was "subject to lifetime supervision upon release." The judgments were entered on August 13, 2009.

On October 3, 2011, Petitioner filed a pro se petition for post-conviction relief. In the petition, he admitted that the petition was untimely but asked the court to waive the timely filing in the interest of justice. The petition alleged that the judgment was void because the trial court lacked jurisdiction to impose consecutive sentences and made no findings related to consecutive sentencing on the record.

After reviewing the petition for relief, the post-conviction court dismissed the petition as untimely on October 3, 2011, commenting:

> The Court finds that the Petitioner pled guilty on August 13, 2009, and the judgment became final after thirty (30) days from this date. The Court finds that the present Petition was not filed with the Court until October 3, 2011 - more than two years after his judgment became final. The Court also finds that the Petitioner has not alleged a valid basis for tolling of the limitations period. The Court therefore finds that the instant Petition is time barred by the applicable statute of limitations and fails to meet any of the statutorily recognized exceptions to the statute of limitations.

Petitioner filed a notice of appeal on December 1, 2011.

*Analysis*

On appeal, Petitioner insists that his petition stated a claim for relief requiring tolling of the statute of limitations and that the limitations period should be tolled because he filed the petition within one year of *Calvert v. State*, 342 S.W.3d 477 (Tenn. 2011). The State disagrees.

Initially, we address the fact that Petitioner's notice of appeal was untimely. "In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date

of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). The post-conviction court filed its dismissal of the petition on October 3, 2011. Petitioner filed his notice of appeal on December 1, 2011, roughly two months after the post-conviction court's final action. This is well outside the thirty days called for in the statute. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *See id.* In the case at hand, the certificate of service indicated that the notice of appeal was mailed on November 3, 2011. Based on these facts, we have decided that it is in the interest of justice to waive the timely filing of the notice of appeal.

However, under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction court properly determined that the petition was filed more than two years after the date of the final action by the highest court to which an

appeal was taken and thus well outside the statute of limitations. Petitioner pled guilty to three counts of aggravated sexual battery and was sentenced on August 13, 2009. Petitioner did not appeal.

In addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). In this line of cases, "the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011)(emphasis in original). In the case at hand, Petitioner is arguing that his lack of "knowledge, ability, of assistance until now . . ." prevented him from making filing the petition in a timely fashion. This does not constitute a later-arising situation.

Moreover, it appears that on appeal, Petitioner has abandoned the claim he presented to the post-conviction court and instead asserts on appeal that the trial court imposed an illegal sentence by imposing lifetime supervision in violation of the rule first announced in *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010). An issue raised for the first time on appeal is considered waived. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996); Tenn. R. App. P. 36.

Consequently, the post-conviction court correctly determined that the petition was untimely.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE